# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLOS DAVID OLIVER, JR.     ) | |
|     ) | |
|     **Petitioner,**     ) | |
|     ) | |
| **v.**     ) | **Case No. 12-CV-00442-JHP-TLW** |
|     ) | |
| **ROBERT PATTON, Director,**[1]     ) | |
|     ) | |
|     **Respondent.**     ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner, Carlos David Oliver, Jr., a state prisoner appearing pro se. Respondent filed a response to the petition (Dkt. # 9), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 9, 10). Petitioner filed a reply (Dkt. # 11). For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

### BACKGROUND

Petitioner was charged, by Information filed in Tulsa County District Court, Case No. CF-2010-0018, with Robbery with a Firearm (Count 1), Assault with a Dangerous Weapon (Count 2), Assault with a Dangerous Weapon While Masked or Disguised (Count 3), and Resisting an Officer (Count 4), all After Former Conviction of Two or More Felonies. (Dkt. # 9-5 at 1). Petitioner's jury trial began on August 17, 2010. During voir dire, Petitioner announced his decision to enter a blind

---

[1] Petitioner is currently incarcerated at the Cimarron Correctional Facility, a private prison located in Cushing, Oklahoma. Therefore, the proper respondent in this action is Robert Patton, Director of the Oklahoma Department of Corrections. For that reason, Robert Patton, Director, is hereby substituted as party respondent in place of the previous Director, Justin Jones. The Clerk of Court shall be directed to note the substitution on the record.

plea of guilty to the charges. (Dkt. # 10-1, Tr. Vol. I at 124). After a lengthy colloquy with Petitioner, the trial judge accepted Petitioner's plea. <u>Id.</u> at 129. On September 17, 2010, Petitioner filed a letter with the district court explaining that, regardless of the sentence the court would impose during Petitioner's subsequent sentencing hearing, Petitioner wished to withdraw his blind plea. <u>See</u> Dkt. # 10-2, Tr. Sent. Hr'g at 2. On October 4, 2010, the trial judge sentenced Petitioner to thirty-seven (37) years imprisonment on Count 1, twenty (20) years imprisonment on Counts 2 and 3, and one (1) year imprisonment on Count 4. (Dkt. # 10-2, Tr. Sent. Hr'g at 4). The trial judge ordered the sentences to run concurrently. <u>Id.</u> Attorney Brian Rayl represented Petitioner during trial and the change of plea proceedings. <u>See</u> Dkt. # 10-1, Tr. Vol. I.

On October 26, 2010, the trial court held a hearing on Petitioner's motion to withdraw his plea. (Dkt. # 10-3, Tr. Mot. Withdraw Plea Hr'g). The district court denied the motion. <u>Id.</u> at 50. Attorney Ian Shahan represented Petitioner at the hearing. <u>Id.</u> at 1.

Represented by attorney Lee Ann Jones Peters, Petitioner filed a petition for writ of certiorari in the Oklahoma Court of Criminal Appeals (OCCA). (Dkt. # 9-1). He raised the following propositions of error:

| | |
|---|---|
| Proposition I: | The trial court abused its discretion in refusing to let Petitioner withdraw his plea where the evidence showed the plea was entered in haste and without due deliberation, and out of frustration with his attorney, who was pressuring him to plead guilty. |
| Proposition II: | The trial court erred in accepting Petitioner's plea of guilty to resisting arrest because there was not a sufficient factual basis for it. |
| Proposition III: | Petitioner's blind plea of guilty was involuntary as a result of ineffective assistance of counsel because his attorney failed to convey the State's offer of a plea bargain. |
| Proposition IV: | Mr. Oliver's right to be free from double jeopardy and double punishment was violated. |

| Proposition V: | Because Petitioner did not understand the law in relation to the facts, the pleas to Counts 2, 3, and 4 were not knowingly and voluntarily entered, and Petitioner should have been allowed to withdraw them. |
| --- | --- |
| Proposition VI: | Trial counsel rendered ineffective representation when he urged his client to enter pleas of guilty to two crimes that were barred by double jeopardy and to another crime that his client did not commit. His representation was also ineffective when he failed to advocate on his client's behalf at sentencing. |
| Proposition VII: | Petitioner was deprived of the constitutionally guaranteed assistance of counsel at the hearing on the motion to withdraw his guilty plea. |

See id. The OCCA remanded the case to the district court with instructions to conduct an evidentiary hearing on Petitioner's claim that his attorney was ineffective for failing to inform Petitioner of the State's plea offer (Proposition III). See Dkt. # 9-5 at 5-6. On June 17, 2011, the district court held the evidentiary hearing, see Dkt. # 10-4, Tr. Evid. Hr'g, and, thereafter, filed a response with the OCCA detailing its findings of fact, see Dkt. # 9-3. In an unpublished opinion, filed October 7, 2011, in Case No. C-2010-1060, the OCCA granted relief on Propositions II and IV, reversing the district court's order denying Petitioner's motion to withdraw pleas as to Counts 2 and 4 and remanding to the district court with instructions to dismiss those counts. See Dkt. # 9-5 at 4-5, 8-9. The OCCA denied relief on Petitioner's remaining propositions of error and affirmed the order of the district court denying Petitioner's motion to withdraw pleas of guilty as to Counts 1 and 3. See id. at 10-11.

On August 3, 2012, Petitioner commenced this federal action by filing his pro se petition for writ of habeas corpus (Dkt. # 1). Petitioner raises five (5) grounds of error, as follows:

| Ground I: | The trial court abused its discretion in refusing to let Petitioner withdraw his plea where the evidence showed the plea was entered in haste and without due deliberation, and out of frustration with his attorney, who was pressuring him to plead guilty. |
| --- | --- |

| | |
|---|---|
| Ground II: | Petitioner's blind plea of guilty was involuntary as a result of ineffective assistance of counsel because his attorney failed to convey the State's offer of a plea bargain. |
| Ground III: | Because Petitioner did not understand the law in relation to the facts, the pleas to Counts 2, 3, and 4 were not knowingly and voluntarily entered, and Petitioner should have been allowed to withdraw them. |
| Ground IV: | Trial counsel rendered ineffective representation when he urged his client to enter pleas of guilty to two crimes that were barred by double jeopardy and to another crime that his client did not commit. His representation was also ineffective when he failed to advocate on his client's behalf at sentencing. |
| Ground V: | Petitioner was deprived of the constitutionally guaranteed assistance of counsel at the hearing on the motion to withdraw his guilty plea. |

See Dkt. # 1.  Respondent argues that as to Grounds I, II, IV and V, Petitioner is not entitled to relief under 28 U.S.C. 2254(d), and that Ground III is a matter of state law not cognizable on federal habeas review.  See Dkt. # 9.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Petitioner raised Grounds I-V to the OCCA on certiorari appeal.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

The Court also finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 100-04 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions."  White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice."  White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)).  The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  Id. (quoting Richter, 562 U.S. at 103); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." <u>Richter</u>, 562 U.S. at 99. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). <u>Id.</u> at 98-100; <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007). Further, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Here, Petitioner presented his claims to the OCCA on certiorari appeal. <u>See</u> Dkt. # 9-1. Because the OCCA addressed Petitioner's claims on the merits, the Court will review these claims under the standards of 28 U.S.C. § 2254(d).

**1.     Trial court erred in refusing to allow Petitioner to withdraw his blind pleas (Ground I)**

In Ground I, Petitioner argues his plea was "entered in haste and without due deliberation, and out of frustration with his attorney who was pressuring him to plead guilty." (Dkt. # 1 at 5). Petitioner alleges that, during the voir dire stage of his jury trial, his counsel began to pressure Petitioner to enter a blind plea. <u>See</u> <u>id.</u> Petitioner claims his attorney had Petitioner watch the surveillance video of the crime, told Petitioner "he had no defense," encouraged Petitioner's family members to "pressure" Petitioner to plead guilty, and warned Petitioner that "if he went to trial, he would leave prison in a box." <u>Id.</u> Petitioner claims his attorney then "put Petitioner's name on the guilty plea form," and gave Petitioner five (5) minutes to decide. <u>Id.</u> Petitioner argues that it was only after this "unwanted help" from his attorney that he agreed to plead guilty. <u>Id.</u> Petitioner

emphasizes that he "did not feel that his plea was a voluntary choice." Id. The OCCA rejected Petitioner's claim, holding,

> [T]he record supports the trial court's finding that Petitioner was not coerced, threatened or rushed into pleading guilty. Petitioner had ample time to consider pleading guilty. While Petitioner may not have been happy about pleading guilty, the record indicates the plea was voluntary.

(Dkt. # 9-5 at 4). Respondent argues the OCCA's denial of Petitioner's claim was not contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. (Dkt. # 9 at 6).

In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily." A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913, 915-16 (10th Cir. 1973). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir. 2002). The "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Although a petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceedings." United States v. Maranzino, 860 F.2d 981, 985 (10th Cir. 1988) (quoting Blackledge

v. Allison, 431 U.S. 63, 74 (1977)); see also Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995). The Tenth Circuit emphasizes the importance of plea colloquies: "This colloquy between a judge and a defendant before accepting a guilty plea is not pro forma and without legal significance. Rather, it is an important safeguard that protects defendants from incompetent counsel or misunderstandings." Fields, 277 F.3d at 1214.

In this case, the record reflects that Petitioner's guilty pleas were knowing, intelligent, and voluntary. The transcript of the proceedings confirms that Petitioner understood the charges against him and the applicable range of punishment. See Dkt. # 10-1, Tr. Vol. I at 125-26. In addition, the trial judge explained the trial rights that Petitioner was waiving by pleading guilty, and confirmed that Petitioner understood the meaning of entering a guilty plea. See id. Further, the trial judge questioned Petitioner to confirm no one had coerced him to enter his plea of guilty. See id. at 126.

Petitioner's allegations are also belied by the "Plea of Guilty - Summary of Facts" form filed in Petitioner's state district court case. See Dkt. # 9-7. On the first page of the form, Petitioner affirmed that he could read and understand the form. Id. at 1 ¶ 5. He identified Brian Rayl as his attorney. Id. at 1 ¶ 2. Petitioner affirmed that he understood the nature and consequences of the proceeding, understood the charges against him and the range of punishment for each charge, had advised his lawyer regarding any available defenses, and had his lawyer's advice. Id. at 1-3 ¶¶ 9, 12, 15, 16, 20, 21. Significantly, Petitioner answered "No" to the question, "Have you been forced, abused, mistreated, or promised anything by anyone to have you enter your plea(s)?" Id. at 3 ¶ 29. He also answered "Yes" to the question, "Do you plead guilty of your own free will and without any coercion or compulsion of any kind?" Id. at 3 ¶ 30. Petitioner swore under oath that he had reviewed the form with his attorney, understood its contents, that his answers were true and correct,

and that he understood he could be prosecuted for perjury if he had made false statements to the court.  Id. at 3-4 ¶ 32.  In addition, during the entry of Petitioner's blind plea the court took a brief recess to allow Petitioner to confer with his attorney.  See Dkt. # 10-1, Tr. Vol. I at 127.[2]  After the break, Petitioner again confirmed he wished to plead guilty.  Id. at 127-28.

While Petitioner claims he was "manipulated" into pleading guilty, nothing in the record demonstrates that the actions of his attorney, the trial judge, Petitioner's family, or any other person rendered Petitioner's plea of guilty involuntary.  Petitioner's attorney testified at the hearing on Petitioner's motion to withdraw his plea that he had discussed the option of a plea with Petitioner several times before trial began.  See Dkt. # 10-3, Tr. Mot. Withdraw Plea Hr'g at 28.  Therefore, while Petitioner claims his decision to plead guilty was made in "haste and without due deliberation," his attorney's testimony demonstrates that Petitioner considered pleading guilty well before trial.

In addition, his attorney's advice that Petitioner "had no defense," and that if he went to trial "he would leave prison in a box," did not render Petitioner's plea involuntary.  Petitioner's attorney testified that he gave Petitioner this advice "to save [Petitioner's] life," and that he felt the best option Petitioner had was to plead guilty and "beg for mercy from the Court."  Dkt. # 10-3, Tr. Mot. Withdraw Hr'g at 39, 41.  While an attorney's actions can render a defendant's plea involuntary, "one central component of a lawyer's job is to assimilate and synthesize information from numerous sources and then advise clients about what is perceived to be in their best interests."  Fields, 277 F.3d at 1214.  Therefore, "advice–even strong urging by counsel[–] does not invalidate a guilty

---

[2]     It appears Petitioner's hesitation, leading to the brief recess, related to his concern that the factual basis of his plea would implicate his co-defendant.  See Dkt. # 10-1, Tr. Vol. I at 127-28; see also Dkt. # 10-3, Tr. Mot. Withdraw Plea Hr'g at 34-35.

plea." Id. (citing Williams v. Chrans, 945 F.2d 926, 933 (7th Cir. 1991) (internal quotation marks omitted)).

Finally, while his attorney requested that Petitioner's family members encourage Petitioner to plead guilty, nothing in the record shows that his family members forced or threatened him. Therefore, the pressure from Petitioner's family to plead guilty, even at the request of his attorney, did not render Petitioner's plea involuntary. See id. at 1214-15 (finding counsel's request for a petitioner's family to "implore" the petitioner to plead guilty did not render the petitioner's plea involuntary as his family did not force or threaten him).

Petitioner has failed to present clear and convincing evidence sufficient to demonstrate that his plea was entered involuntarily, or "without due deliberation." As a result, he has failed to rebut the presumption of correctness afforded to the state court's finding of fact that Petitioner's plea of guilty was knowingly and voluntarily entered. See Dkt. # 9-7 at 4 ¶ 36. Petitioner is not entitled to habeas corpus relief on Ground I.

**2.      Ineffective assistance of counsel based on failure to communicate plea offer to Petitioner rendered blind pleas involuntary (Ground II)**

In Ground II, Petitioner argues his counsel's failure to convey a plea offer by the State rendered his pleas of guilty involuntary. (Dkt. # 1 at 10). Petitioner claims he "was told he had only two choices – a blind plea or trial – when in fact he had a third option, a negotiated plea for a 25-year sentence." Id. Petitioner explains, "[Counsel's] failure to notify Petitioner about the State's offer constituted deficient attorney performance, and this mistake prejudiced Petitioner by depriving him of the opportunity to plead guilty to a sentence that was barely over the minimum." Id. The OCCA found that, if proven, Petitioner's claim "strongly suggested that trial counsel rendered representation that was objectively deficient under prevailing professional norms for failing to

convey to Petitioner the State's offer." (Dkt. # 9-5 at 5). Therefore, the OCCA remanded this claim

to the district court for an evidentiary hearing. Id. at 5-6. After reviewing the district court's

findings of fact, see Dkt. # 9-3, the OCCA denied relief, finding as follows:

> This Court affords great deference to a District Court's findings and conclusions on remanded evidentiary hearings, and here we find no abuse of discretion.
>
> The trial court determined the evidence supported a finding that the State conveyed to defense counsel an offer of twenty-five years, that the offer was to expire the Friday before trial was to begin on Monday, and that defense counsel timely communicated that offer to Petitioner. Defense counsel had testified at the hearing that during his fifteen [sic][3] years at the Public Defender's Office, it was his practice to always communicate plea offers to his clients, and since Petitioner had no defense in this case he was seeking a plea agreement. The trial court's findings are supported by the record.
>
> We also find the record supports the trial court's determination there was no basis to believe Petitioner would have accepted that plea offer since he ultimately entered a blind plea. Testimony from the evidentiary hearing showed Petitioner was intent on going to trial. Despite the fact that defense counsel reviewed the State's evidence against him, including video surveillance of him committing the robbery charged in Count I, and despite urging from family members to plead guilty, Petitioner doggedly thought he had a good defense to present to the jury. While we do not know for sure what happened the weekend before trial started, it is a reasonable inference from the record that Petitioner either ignored or rejected the State's offer of 25 years, that the offer expired on Friday, and after some thought and perhaps persuasion from family members, Petitioner decided on Tuesday (the trial didn't start on Monday as scheduled but *voir dire* began on Tuesday morning) to plead guilty, albeit without a recommendation from the State. His claim now that he would have taken the offer is a bit too convenient and self-serving.
>
> Based upon this record, Petitioner has failed to meet his burden of showing counsel's performance was deficient. Consequently we need not undergo an analysis for prejudice.

(Dkt. # 9-5 at 7-8) (citations omitted).

To establish ineffective assistance of counsel, a defendant must show that his counsel's

performance was deficient and that the deficient performance was prejudicial. Strickland v.

---

[3]    At the evidentiary hearing, counsel testified that, at the time, he had practiced law for fifteen (15) years, but he had been an attorney with the Tulsa County Public Defender's Office for only seven (7) years. See Dkt. # 10-4, Tr. Evid. Hr'g at 9.

Washington, 466 U.S. 668, 687 (1984); see also Harrington v. Richter, 562 U.S. 86, 104 (2011); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 689. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689; see also Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential lens" of § 2254(d)).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Harrington, 562 U.S. at 104. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. See Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs. Petitioner bears the burden of demonstrating that the OCCA unreasonably applied Strickland.

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. In accord with Strickland, a defendant challenging the effective assistance of counsel during the guilty plea process must show counsel's performance was deficient and that such deficient performance prejudiced him. Id. at 57-58. As the Court stated in Hill,

> In the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence . . . . The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 58-59.

However, as the Supreme Court recently explained in Missouri v. Frye, 132 S. Ct. 1399, 1409-10 (2012), "Hill does not [ ] provide the sole means for demonstrating prejudice arising from the deficient performance of counsel during plea negotiations." In Frye, the defendant argued that, with effective assistance of counsel, he would have accepted an earlier plea offer from the state instead of entering a blind plea. Id. at 1410. As the Court explained,

> In a case, such as this, where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable plea offer, Strickland's inquiry into whether 'the result of the proceeding would have been different,' requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed.

Id. (internal citations omitted). The Supreme Court has noted this prejudice analysis applies "where a plea offer has lapsed or been rejected because of counsel's deficient performance." See id. at 1409; see also Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). In addition to showing a reasonable

probability that a petitioner would have accepted the original plea offer, to complete the showing of Strickland prejudice a petitioner must also show that,

> [B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler, 132 S. Ct. at 1385. This further showing is "of particular importance because a defendant has no right to be offered a plea, nor a federal right that the judge accept it." Frye, 132 S. Ct. at 1410 (internal citations omitted).

The trial court conducted an evidentiary hearing as directed by the OCCA. At the hearing, Petitioner's attorney, Brian Rayl testified that he could not recall the content of plea negotiations with the prosecutor. See Dkt. # 10-4, Tr. Evid. Hr'g at 18-19. Further, Rayl testified he could not recall if he conveyed any recommendation from the State to Petitioner. Id. at 19-20. However, Rayl did testify that, to his recollection, he has never failed to convey a recommendation to a defendant before. Id. at 21. Rayl stated, "I can honestly say I think I would have conveyed [a recommendation from the State] had it been a firm offer." Id.

After the hearing, the trial court prepared a response finding that prosecutor conveyed a plea offer of twenty-five (25) years to Petitioner's counsel and that "the plea offer was conveyed to the Petitioner." See Dkt. # 9-3 at 2, 4. The trial court also found there was not a reasonable probability that, had the plea offer been communicated to Petitioner, he would have accepted. See id. at 3-4. The OCCA determined the trial court's findings were supported by the record, pointing both to Rayl's testimony that "it was his practice to always communicate plea offers to his clients, and since Petitioner had no defense in this case he was seeking a plea agreement," and to Petitioner's

insistence on proceeding to trial. (Dkt. # 9-5 at 7). The OCCA found Petitioner had failed to show Rayl performed deficiently. See id. at 8. Based on this finding, the OCCA did not conduct a prejudice analysis. See id.

In his reply, Petitioner challenges the state courts' factual findings. See Dkt. # 11. Under 28 U.S.C. § 2254(d)(2), habeas corpus relief may be granted if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." However, the § 2254(d)(2) standard of review is "a 'restrictive' one." Grant v. Trammell, 727 F.3d 1006, 1024 (10th Cir. 2013) (citing Johnson v. Williams, 133 S. Ct. 1088, 1092 (2013)). A state court's factual determination is not unreasonable "merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010). Additionally, "an imperfect or even an incorrect determination of the facts isn't enough for purposes of § 2254(d)(2)." Grant, 727 F.3d at 1024 (citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). The state court's determination must instead be unreasonable, which is "a substantially higher threshold." Schriro, 550 U.S. at 473.

Petitioner has failed to show the OCCA's determination that defense counsel did not perform deficiently was based on an unreasonable determination of the facts warranting habeas relief under 28 U.S.C. § 2254(d)(2). Although some testimony presented at the hearing on the motion to withdraw plea (Dkt. # 10-3), and at the evidentiary hearing (Dkt. # 10-4), suggested that defense

counsel failed to convey a plea recommendation to Petitioner,[4] or that no firm offer existed,[5] the state district court nonetheless considered the evidence and presented its findings in a response to the OCCA. The OCCA reviewed the evidence, and concluded the trial court's findings were supported by the record. Even if this Court would have reached a different determination, see Wood, 558 U.S. at 301, this Court cannot conclude that the OCCA's determination lacks evidentiary support rendering its decision "unreasonable." Petitioner has failed to show the OCCA's conclusion was "more than just 'debatable' but in fact altogether 'unreasonable.'" Grant, 727 F.3d at 1025 (citing Wood, 558 U.S. at 303).

Even assuming, without finding, that the OCCA's conclusion that defense counsel did not perform deficiently was based on an unreasonable determination of the facts, see 28 U.S.C. § 2254(d)(2), Petitioner has failed to show prejudice. To complete Strickland's inquiry into whether "the result of the proceeding would have been different," see Strickland, 466 U.S. at 694, this Court must determine whether there is a reasonable probability that Petitioner would have accepted the previous plea offer absent ineffective assistance of counsel. Frye, 132 S. Ct. at 1410. In Frye, the Supreme Court held there was a reasonable probability the defendant would have accepted the previous plea offer "because he pleaded guilty to a more serious charge, with no promise of a

---

[4]     In his reply, Petitioner argues the evidence presented at the evidentiary hearing supported the assertion that defense counsel "never saw [Petitioner] while the offer was open, [and therefore] Mr. Rayl could not have communicated the same to him." (Dkt. # 11 at 2). At the hearing, Rayl agreed that, based on the notations in his file regarding his documented meetings with Petitioner, it appeared he did not meet with Petitioner while the plea offer was open. See Dkt. # 10-4, Tr. Evid. Hr'g at 15-19.

[5]     At the hearing on the motion to withdraw pleas, Petitioner testified that Rayl told him "there was no recommendation." Dkt. # 10-3, Tr. Mot. Withdraw Hr'g at 12. In addition, at the evidentiary hearing, the prosecutor testified no firm offer existed in Petitioner's case. See Dkt. # 10-4, Tr. Evid. Hr'g at 33.

sentencing recommendation from the prosecutor." Id. at 1411. However, as the Supreme Court explained,

> It may be that in some cases defendants must show more than just a guilty plea to a charge or sentence harsher than the original offer. For example, revelations between plea offers about the strength of the prosecution's case may make a late decision to plead guilty insufficient to demonstrate, without further evidence, that the defendant would have pleaded guilty to an earlier, more generous plea offer if his counsel had reported it to him.

Id. The Tenth Circuit has noted a petitioner "bears the burden of 'affirmatively prov[ing]' that there is a reasonable probability that he would have accepted the plea had [his attorney] communicated the offer to him." United States v. Watson, 766 F.3d 1219, 1227 (10th Cir. 2014) (citing Strickland, 466 U.S. at 693; Frye, 132 S. Ct. at 1410; Lafler, 132 S. Ct. at 1385).

While Petitioner pled to the same charge, he did so without any promise of a sentencing recommendation from the prosecutor and received a harsher sentence than the original offer. Therefore, the judgment and sentence imposed by the trial judge was more severe than the terms of the original plea offer. However, Rayl testified that he discussed pleading guilty "many, many times" with Petitioner, but Petitioner always "indicated that he wanted a jury trial." (Dkt. # 10-3, Tr. Mot. Withdraw Hr'g at 28). See also Dkt. # 10-4, Tr. Evid. Hr'g at 21-22. Petitioner explained he insisted on a jury trial because he was innocent of the crimes charged. Id. at 7. Petitioner also testified he was "so mad" about pleading guilty because "[t]hat wasn't something I wanted to do." Id. at 16. In addition, the state district court found that nothing in the record supported the conclusion that Petitioner would have accepted the offer. See Dkt. # 9-3 at 3. In support of this

finding, the state district court pointed to Petitioner's belief that "the State didn't have any evidence," and Petitioner's assertion that he was innocent of the crimes. See id.[6]

Petitioner has failed to show a reasonable probability that he would have accepted the State's plea offer. While the sentence imposed by the trial judge was more severe than the State's plea offer, this does not negate Petitioner's own testimony that he was innocent of the crimes and that he insisted on proceeding to trial. The only other evidence presented that suggested Petitioner would have accepted the plea was his own statement at the evidentiary hearing. See Dkt. # 10-4, Tr. Evid Hr'g at 27. Therefore, the Court finds that Petitioner has failed to show prejudice as required by Strickland and Frye. See Duran v. Janecka, 2015 WL 1529751, *2 (10th Cir. 2015) (unpublished)[7] (petitioner failed to satisfy prejudice prong of Strickland due to "uniform" testimony that the petitioner maintained his innocence and wanted a trial).

In addition, Petitioner has failed to satisfy the second part of the Frye standard for establishing prejudice under Strickland. See Frye, 132 S. Ct. at 1410-11. As the Court in Frye explained, "if the trial court could have refused to accept the plea agreement, and if [the petitioner] fails to show a reasonable probability that the trial court would have accepted the plea, there is no Strickland prejudice." Id. at 1411. In Oklahoma, a trial court can refuse to accept a guilty plea. Beck v. Rudek, 2012 WL 3230489 at *12 (W.D. Okla. July 12, 2012) (unpublished) (citing State ex rel. Stout v. Craytor, 753 P.2d 1365, 1368 (Okla. Crim. App. 1988); Stewart v. State, 568 P.2d 1297, 1300 (Okla. Crim. App. 1977)), accepting recommended disposition, 2012 WL 3230483

---

[6]     Although the OCCA did not analyze the prejudice prong of the ineffective assistance of counsel standard, the OCCA found the record supported the district court's determination that Petitioner would not have accepted the plea offer. See Dkt. # 9-5 at 7.

[7]     This and other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

(W.D. Okla. August 6, 2012) (unpublished), <u>appeal</u> <u>dismissed</u>, 507 F. App'x 803 (10th Cir. 2013) (unpublished) (certificate of appealability denied). In this case, Petitioner has failed to show a reasonable probability that the trial court would have accepted the plea agreement. <u>See</u> <u>Watson</u>, 766 F.3d at 1227 (holding a petitioner is required to provide arguments or evidence related to this additional showing). Therefore, Petitioner has failed to make the necessary prejudice showing required by <u>Strickland</u>. <u>See</u> <u>Frye</u>, 132 S. Ct. at 1410-11.

Petitioner has failed to show the OCCA's rejection of his claim that his blind plea was involuntary as a result of ineffective assistance of counsel was contrary to, or an unreasonable application of, federal law as established by the Supreme Court. 28 U.S.C. § 2254(d)(1). In addition, Petitioner has failed to show the OCCA's denial of his claim was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(2). Habeas corpus relief on Ground II shall be denied.

### 3. Challenge to Petitioner's blind pleas to Counts 2, 3, and 4 as unknowingly and involuntarily entered (Ground III)

In Ground III, Petitioner alleges his blind pleas to Counts 2, 3, and 4 "were not knowingly entered due to counsel's failure to apprise Petitioner [of] the law" required to convict Petitioner. (Dkt. # 1 at 17). Petitioner argues that because his "pleas were entered without an understanding of the law in relation to the facts of [his] case," his convictions for Counts 2, 3, and 4 violate due process. <u>Id.</u> at 18. The OCCA denied Petitioner's claim, finding as follows:

> [I]n light of the errors warranting relief as to Count II, Assault with a Dangerous Weapon, and Count IV, Resisting Arrest, valid convictions for Robbery (Count I) and Assault with a Dangerous Weapon While Masked (Count III) remain. We find the record indicates the pleas in those two counts were knowing and voluntary.

(Dkt. # 9-5 at 9).  Respondent argues Petitioner's claims as to Counts 2 and 4 are moot, and the OCCA's determination that Petitioner's plea to Count 3 was knowing and voluntary does not raise an issue cognizable on federal review.  <u>See</u> Dkt. # 9 at 27.

The Court agrees with Respondent that Petitioner's claims as to Counts 2 and 4 are moot.  "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>Hain v. Mullin</u>, 327 F.3d 1177, 1180 (10th Cir. 2003) (quoting <u>Citizens for Responsible Gov't State Political Action Comm. v. Davidson</u>, 236 F.3d 1174, 1182 (10th Cir. 2000) (internal quotation marks omitted)).  The OCCA remanded Counts 2 and 4 to the district court with instructions to dismiss based on Petitioner's claims raised on certiorari appeal.  Counts 2 and 4 have been dismissed and Petitioner's claim challenging the voluntariness of his blind pleas to those counts is moot.

As to Count 3, Petitioner argues his plea was involuntary because he was unaware that, when he pled guilty to both Counts 2 (Assault with a Dangerous Weapon) and 3 (Assault with a Dangerous Weapon While Masked or Disguised), he was "pleading guilty to two crimes to which he had an absolute defense, namely, that they were barred by double jeopardy."  (Dkt. # 1 at 17).  However, as discussed above, the OCCA acknowledged Petitioner's convictions for both crimes violated the prohibition against double jeopardy and remanded Count 2 to the district court with instructions to dismiss.  Petitioner offers no additional argument as to why his plea to Count 3, Assault with a Dangerous Weapon While Masked or Disguised, was unknowingly or involuntarily entered.  <u>See</u> <u>id.</u> at 17-18.

The Court finds the OCCA's determination that Petitioner's plea as to Count 3 was knowing and voluntary is not contrary to, or an unreasonable application of, federal law.  The trial court

confirmed the factual basis of Petitioner's plea to Count 3 before accepting his plea of guilty. Petitioner confirmed that, during the robbery, he had a "mask[] on or some kind of a thing covering [his] face," and that he "hit the clerk in the head with a gun." (Dkt. # 10-1, Tr. Vol. at 128). In addition, as discussed in Part 1 of this Opinion and Order, the record as a whole reflects Petitioner's pleas were knowing and voluntary. Habeas corpus relief on Ground III shall be denied.

### 4. Ineffective assistance of counsel at plea and sentencing hearings (Ground IV)

In Ground IV, Petitioner claims his trial counsel was ineffective for allowing Petitioner to enter guilty pleas to "two crimes that were barred by double jeopardy [Counts 2 and 3] and to another crime [Count 4] that his client did not commit." (Dkt. # 1 at 21). Petitioner also argues his attorney performed deficiently at Petitioner's sentencing hearing. Id. The OCCA rejected Petitioner's claims, finding that:

> [After] reviewing plea counsel's performance under the standard set forth in *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064, we find Petitioner has failed to show prejudice. *See Eizember*, 2007 OK CR 29, ¶ 151-152, 164 P.3d at 244. While plea counsel did not raise a double jeopardy claim before the trial court nor did he challenge the factual basis of the Resisting Arrest charge, those claims have been raised in this certiorari appeal as reasons supporting the withdrawal of the guilty pleas. Reviewing those claims for plain error, we have found certain relief warranted.
>
> Further, we find counsel adequately represented Petitioner at sentencing. Petitioner received relatively light sentences which were run concurrently. Petitioner has failed to meet his burden of showing that there is a reasonable probability that, but for any unprofessional errors by counsel, the result of the proceeding would have been different.

(Dkt. # 9-5 at 9-10). Respondent argues Petitioner's claim that counsel was ineffective for urging Petitioner to plead guilty to Counts 2, 3, and 4 is moot, and the OCCA's denial of Petitioner's claim that counsel was ineffective at sentencing was not contrary to, or an unreasonable application of, federal law. (Dkt. # 9 at 22-26).

First, the Court agrees with Respondent that Petitioner's claim that counsel was ineffective for allowing Petitioner to plead guilty to Counts 2, 3, and 4 is moot. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Hain, 327 F.3d at 1180 (internal quotation marks omitted). Petitioner first argues counsel was ineffective for urging Petitioner to plead guilty to Counts 2 and 3, because Petitioner's convictions for both crimes violated the prohibition against double jeopardy. See Dkt. # 1 at 21-22. Petitioner next argues counsel was ineffective for urging Petitioner to plead guilty to Count 4, because Petitioner's admitted conduct did not satisfy the factual basis required for conviction. See id. at 22. However, the OCCA corrected these errors on certiorari review, remanding the case to the district court with instructions to dismiss Petitioner's convictions for Counts 2 and 4. Therefore, Petitioner's ineffective assistance of counsel claim related to his pleas to Counts 2, 3, and 4, as detailed in Ground IV, is moot. See Titsworth v. Mullin, 415 F. App'x 28, 34 (10th Cir. 2011) (holding a petitioner's ineffective assistance of counsel claim moot where the petitioner alleged his counsel was ineffective for allowing him to be sentenced for the wrong crime and the OCCA modified the petitioner's sentence on post-conviction review).

Second, Petitioner has failed to show the OCCA's denial of his claim that counsel was ineffective at his sentencing hearing was contrary to, or an unreasonable application of, federal law. At sentencing, Petitioner's counsel offered brief argument to the trial judge requesting the minimum punishment. (Dkt. # 10-2, Tr. Sent. Hr'g at 4). The prosecutor presented brief argument requesting the trial judge sentence Petitioner to life imprisonment. Id. at 3-4. Because Petitioner blind pled to the charges, after two or more previous felony convictions, his punishment range was twenty (20) years to life imprisonment. The trial judge sentenced Petitioner to thirty-seven (37) years. Id. at 4.

Even assuming counsel's performance was deficient, Petitioner has failed to show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. As the OCCA explained, Petitioner received relatively light sentences, and the trial judge ordered the sentences to run concurrently. Petitioner has failed to show the OCCA's adjudication of Petitioner's claim was contrary to, or an unreasonable application of, Strickland. Habeas corpus relief on Ground IV shall be denied.

5. **Ineffective assistance of counsel during the hearing on motion to withdraw pleas (Ground V)**

In Ground V, Petitioner argues that his attorney at the hearing on the motion to withdraw his pleas, Ian Shahan, provided ineffective assistance of counsel. (Dkt. # 1 at 26). Petitioner alleges Shahan was ineffective for failing to "discover other bases for withdrawing the plea and [ ] fail[ing] to prepare an Amended Motion to Withdraw Pleas to ensure that all the legitimate grounds for doing so were included." Id. Specifically, Petitioner argues Shahan was ineffective for failing to argue that, (1) Petitioner's pleas to Counts 2 and 3 violated both state and federal prohibitions against double jeopardy, (2) the facts of Petitioner's case did not support his conviction for Count 4, and (3) Petitioner's plea was involuntary due to Rayl's failure to convey the State's plea offer. Id. at 26-27. The OCCA denied Petitioner's claim, holding,

> [W]e find Petitioner was not denied the effective assistance of counsel at the motion to withdraw hearing. *See Randall v. State*, 1993 OK CR 47, ¶ 7, 861 P.2d 314, 316 (criminal defendant is entitled to effective assistance of counsel at a hearing on a motion to withdraw a guilty plea). Despite counsel's failure to file a new motion to withdraw alleging reasons for withdrawal of the pleas additional to those included in Petitioner's *pro se* letter/motion to withdraw, Petitioner has failed to show any prejudice. Appellate counsel has raised numerous non-frivolous reasons for withdrawal which we have reviewed for plain error. Having reviewed all propositions of error raised on appeal, Petitioner has not shown he was prejudiced by any of withdrawal counsel's failings.

(Dkt. # 9-5 at 10). Respondent argues the OCCA's adjudication of Petitioner's claim was not contrary to, or an unreasonable application of, federal law. (Dkt. # 9 at 31).

While Shahan did not argue the double jeopardy and factual basis issues Petitioner raises, the OCCA corrected these errors on certiorari review by remanding the case to the district court with instructions to dismiss Petitioner's convictions for Counts 2 and 4. Therefore, Petitioner's ineffective assistance of counsel claim in Ground V, relating to counsel's failure to argue the double jeopardy and factual issues detailed by Petitioner, is moot. See Titsworth, 415 F. App'x 28 at 34.

Petitioner also argues Shahan was ineffective for failing to argue Petitioner's plea was involuntary due to Rayl's failure to convey the State's plea recommendation. The OCCA addressed and rejected this argument on certiorari review. In Part B(2) of this Opinion and Order, this Court determined the OCCA's denial of Petitioner's claim that Rayl's failure to inform Petitioner of the state's plea offer rendered his guilty pleas involuntary was not contrary to, or an unreasonable application of, federal law. 28 U.S.C. § 2254(d)(1). In addition, this Court determined the OCCA's denial was not based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(2). Therefore, even assuming Shahan's performance was deficient, Petitioner cannot show he was prejudiced by Shahan's failure to present this argument at the hearing on the motion to withdraw his pleas. Petitioner has failed to show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

Petitioner has failed to show that the OCCA's adjudication of his claims was contrary to, or an unreasonable application of, Strickland. Habeas corpus relief on Ground V shall be denied.

## C.       Certificate of Appealability

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA is debatable among jurists of reason. <u>See</u> <u>Dockins</u>, 374 F.3d at 938. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      The Court Clerk shall note on the record the substitution of Robert Patton, Director, in place of Justin Jones, as party respondent.

2.      The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3.      A separate judgment in favor of Respondent shall be entered in this matter.

4.  A certificate of appealability is **denied**.

    **DATED** this 12th day of June, 2015.

    James H. Payne
    United States District Judge
    Northern District of Oklahoma